Thomas A. Aurelio, J.
This is a motion for an order dismissing the complaint upon the ground that the moving defendants are not amenable to process and jurisdiction over them has not been acquired upon any ground. They were served in the State of Texas. Certain letter agreements dated and effective October 14,1963 were executed by them in Texas on Novem *368 ber 18, 1963. Five of the six asserted causes seek rescission of the subject sale of securities pursuant to the Securities Act of 1933 which confers concurrent Federal and State jurisdiction. The sixth cause seeks recovery of counsel fee and litigation costs.
The common denominator running through the causes is an alleged tortious act committed through the use of the mails. There is further reliance on the presence of two of the defendants in New York when certain correction assignments were executed in January, 1964. The claimed jurisdictional basis is alleged in the complaint to arise under section 12 and subdivision (a) of section 22 of the act (U. S. Code, tit. 15, §§ 771, 77v) in that the causes arise from the transaction of business or the commission of torts within the State of New York where the offers to .sell or sales took place.
Plaintiffs argue that the Federal statute provides for venue in the district where the tort occurs and for nationwide service in any district where the defendant may be found. Since the tort, as alleged, occurred in New York through the use of the mails, the action may be maintained here through service in any district. The fallacy is that venue does not determine the jurisdictional issue in State actions. While the statute confers concurrent jurisdiction, yet jurisdiction in the State court is a State issue which is not overridden by Federal venue. '
Subdivision (a) of'section 22 of the act provides: “ The district courts of the United States, and United States courts of any Territory shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title. ’ ’ It also provides: “ Any such suit or action may be brought in the district wherein the defendant is found or. is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found”. The latter does not,determine jurisdiction as to the former where action is brought in a State court.
The original assignments were executed by the defendants in Texas. No act in respect to negotiation, inducement, execution or delivery was committed here and in which the defendants participated here. Delivery of the assignments did not occur here by any. participation of the defendants therein for the purpose of State venue.
*369 Plaintiffs rely further on the correction assignments which were executed here. Apparently such correction assignments benefited plaintiffs. They were initiated by defendants and requested by them. They were executed here on the occasion of the presence here of two of the defendants on other matters. They were so executed here as a courtesy and convenience to the plaintiffs. They did not constitute the transaction in suit. The motion is granted.